UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No. _____

2:24-cv-05691-DCN

| | |
|---|---|
| CHARLES BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **AIMBRIDGE HOSPITALITY, LLC'S** |
| ) | **ANSWER** |
| COURTYARD BY MARRIOTT, II, L.P., ) | **(Jury Trial Demanded)** |
| RLJ LODGING TRUST, L.P., AND ) | |
| AIMBRIDGE HOSPITALITY, LLC ) | |
| ) | |
| Defendants. ) | |

Defendant Aimbridge Hospitality, LLC (incorrectly named) answers the Complaint and respectfully shows unto the Court:

## FOR A FIRST DEFENSE

1. Except as specifically admitted, qualified, or explained, Defendant denies the allegations and demands strict proof of each allegation.

2. Upon information and belief, Defendant admits the allegations of Paragraph 1.

3. Defendant admits only so much of the allegations of Paragraphs 2-4 as allege the corporate status of the various entities. Defendant denies that it was the operator or manager of the listed location. The correct entity for the management company at that time was Noble-Interstate Management Group, LLC.

4. Paragraph 5 is a statement of law, to which no response is required.

5. Defendant admits only so much of the allegations of Paragraph 6 as allege a civil lawsuit may be filed in Charleston County.

6. Defendant admits only so much of the allegations of Paragraph 7 as allege Plaintiff alleges some incident.

7. Upon information and belief, Defendant admits that Plaintiff was a guest of the hotel.

8. Defendant denies the allegations of Paragraphs 9-12.

9. Paragraphs 13-15 are statements of law, to which no response is required.

10. Defendant denies the allegations of Paragraph 16.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 17.

## AS AN ADDITIONAL DEFENSE
### (Comparative Negligence)

12. FURTHER ANSWERING, any injury and damage sustained by Plaintiff may have been caused by the negligence or willfulness of Plaintiff (including any assumption of risk), combining, concurring, and contributing with the negligence or willfulness, if any, by others. Because Plaintiff's negligence or willfulness may be greater than the alleged negligence or willfulness of one or more adverse parties, Plaintiff may be barred from recovery.

## AS AN ADDITIONAL DEFENSE
### (Comparative Negligence)

13. FURTHER ANSWERING, any injury and damage sustained by Plaintiff may have been caused by the negligence or willfulness of Plaintiff (including any assumption of risk), combining, concurring, and contributing with the negligence or willfulness, if any, by others. Therefore, the Court should reduce any recovery awarded to Plaintiff for the alleged injuries and damage based upon the percentage of negligence or willfulness attributed to Plaintiff.

## AS AN ADDITIONAL DEFENSE
### (Reservation of Rights)

14. FURTHER ANSWERING, Defendant has not had an opportunity to conduct a sufficient investigation or engage in adequate discovery about the allegations of this lawsuit. Defendant gives notice of the intent to assert any further affirmative defenses that any investigation supports, including, but not limited to, defenses that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. Thus, Defendant reserves the right to amend this pleading to assert any such defenses.

## AS AN ADDITIONAL DEFENSE
### (Punitive Damages)

15. FURTHER ANSWERING, any award of punitive damages would violate the constitutional safeguards provided by the Due Process Clause of the Fourteenth

Amendment of the United States Constitution and under the Due Process Clause of Article I, Section 3 of the South Carolina Constitution because the determination of punitive damages does not bear any reasonable relationship to the amount of actual damages, if any, suffered by or awarded.  Further, this party pleads the recovery limits of S.C. Code Ann. §15-32-530 and any other limitation on punitive damages allowed by Federal or State law.  Also, punitive damages are not available under strict liability or breach of warranty claims.

## AS AN ADDITIONAL DEFENSE
### (Third Party)

16.     FURTHER ANSWERING, any injury or damage sustained was due to and caused by the negligence, gross negligence, willfulness, wantonness, or carelessness on the part of some third party over whom Defendant had or has no authority or control.

## AS AN ADDITIONAL DEFENSE
### (Failure to State a Claim)

17.     FURTHER ANSWERING, the allegations of the Complaint do not state facts sufficient to constitute a cause of action, and this Court should dismiss the lawsuit.

## AS AN ADDITIONAL DEFENSE
### (Allocation Statute)

18.     FURTHER ANSWERING, S.C. Code Ann. § 15-38-15 applies to this lawsuit.

WHEREFORE, having answered, Defendant asks this Court to dismiss the Complaint and to grant such other and further relief as this Court deems just and proper.

Charleston, South Carolina

October 9, 2024

TURNER PADGET
s/David S. Cobb
David S. Cobb (Federal ID No. 6006)
Post Office Box 22129
Charleston, South Carolina 29413-2129
Direct:  (843) 576-2803
Fax:  (843) 577-1629
dcobb@turnerpadget.com

ATTORNEYS FOR DEFENDANT AIMBRIDGE HOSPITALITY, LLC